IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

v.

JAMAR BOWLES

Criminal No. ELH-19-00116

**MEMORANDUM**

Through counsel, defendant Jamar Bowles has moved for early termination of his supervised release. ECF 239 (the "Motion"). Although the United States Probation Officer does not oppose the request, *id.* at 2, the government does. ECF 241.

No hearing is necessary. Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

**I.     Background**

On March 12, 2019, Bowles and two others were charged by indictment (ECF 1) with conspiracy to distribute and possess with intent to distribute 500 grams of more of cocaine, in violation of 21 U.S.C. § 846 (Count One). Bowles was also charged with possession with intent to distribute 500 grams or more of cocaine and a quantity of marijuana, in violation of 21 U.S.C. § 841(a) (Count Two). ECF 1. He was arrested on March 21, 2019, and he has been in custody since that date. ECF 15, ECF 16.

Pursuant to a plea agreement (ECF 138), Bowles tendered a plea of guilty on September 29, 2020, to Count One and Count Two. ECF 137. The plea agreement was entered under Rule 11(c)(1)(C), by which the parties agreed to concurrent sentences of 60 months' incarceration as to

both counts. ECF 138, ¶ 9. That corresponded to the congressionally mandated minimum sentence.

The parties stipulated that the applicable base offense level was a 24 pursuant to U.S.S.G. § 2D1.1(c)(8), to account for approximately 701.4 grams of cocaine and approximately 252.5 grams of marijuana. ECF 138, ¶ 6.a. The parties also agreed that the defendant was entitled to a 3-level downward adjustment for his acceptance of responsibility. *Id*. ¶ 6.c.

Sentencing was held on December 3, 2020. ECF 188. As set forth in the Presentence Report (ECF 183), defendant had a final offense level of 21 and a Criminal History Category of III. *Id*. ¶¶ 26, 43. The PSR reflected that defendant had a lengthy criminal history, including convictions for drug possession and possession with intent to distribute controlled substances, but only several of his recent convictions scored criminal history points. *Id*. ¶¶ 29-39. Notably, Bowles also sustained violations of probation in seven of his prior criminal cases. *Id*. ¶¶ 30, 31, 32, 33, 37, 38, 39.

Based on a final offense level of 21 and a Criminal History Category III, defendant's Sentencing Guidelines called for a sentence ranging from 46 to 57 months of incarceration. However, as mentioned, he was subject to a statutory minimum sentence of 60 months of incarceration.

At sentencing, the Court accepted the parties' plea agreement and imposed a sentence of 60 months' incarceration. *See* ECF 189 (Judgment); ECF 216 (Sentencing Transcript). The Court observed that it was required to impose a 60-month sentence because of the mandatory minimum. ECF 216 at 27. But, I also said, *id.*: "Having said that, I think the record justifies a five-year sentence under 3553(a)." The Court explained that "this is a serious offense. This was not a small

matter." *Id.* at 26. I also recognized that Bowles had a serious criminal history, dating to the age of 18, and that "really time and again the system was very lenient with [the defendant]." *Id.* at 27.

In addition, I observed that defendant "got a lot of chances," that he "squandered them," and that the earlier prosecutions "did not deter [him] from this particular very serious course of conduct." *Id.* Accordingly, I imposed four years of supervised release, which was the minimum period required by statute. *Id.* at 31.

Defendant was released from custody on June 10, 2022, at which time he began his term of supervised release. ECF 239. On May 14, 2024, after completing almost two years of his four-year term of supervised release, the defendant moved to terminate his supervision. He claims that, with one exception, he has been fully compliant. ECF 239 at 2. He also contends that supervised release "hinders his efforts to further improve the circumstances of his family and himself." *Id.*

The government counters that Bowles "should be required to complete the entirety of his supervised release." ECF 241 at 4. It asserts, *id.*: "The applicable factors under Section 3553(a) do not support early termination in this case, and early termination is neither warranted by the Defendant's conduct nor is it in the interest of justice." The government also points out that defendant has only completed about half of his period of supervised release. *Id.* at 5.

The government adds, *id.*: "The Defendant has not demonstrated extraordinary performance. He has simply done what is expected of him. Given his history of non-compliance with probation, the Court should not rush to terminate supervision early. The Defendant's conduct does not justify early termination, and it is in the interest of justice to continue the Defendant on supervision to ensure that he does not violate the law and to make sure he has sufficient resources to be successful."

## II.      Discussion

Supervised release is "a post-incarceration program intended 'to assist individuals in their transition to community life.'" *United States v. McLeod*, 972 F.3d 637, 641 (4th Cir. 2020) (quoting *United States v. Johnson*, 529 U.S. 53, 59 (2000)). "'[T]he primary goal [of supervised release] is to ease the defendant's transition into the community after the service of a long prison term . . . or to provide rehabilitation to a defendant who has spent a fairly short period in prison . . . but still needs supervision . . . .'" *United States v. Lewis*, 90 F.4th 288, 294 (4th Cir. 2024) (citation omitted). Supervised release "essentially amounts to a *conditional* and *partial* release" from incarceration. *Id.* (emphasis in *Lewis*).

Punishment is not "an appropriate reason" to impose supervised release, *Lewis*, 90 F.4th at 294. Rather, supervised release "fulfills rehabilitative ends, distinct from those served by incarceration." *Johnson*, 529 U.S. at 59. In imposing supervised release, the court must consider, *inter alia*, the defendant's history and characteristics and the need to deter criminal conduct. *Lewis*, 90 F.4th at 295.

The Motion implicates 18 U.S.C. § 3583(e)(1). Under 18 U.S.C. § 3583(e)(1), a court, after considering factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), may terminate a defendant's term of supervised release at any time after the expiration of one year of supervision, if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

The Court's primary focus here concerns 18 U.S.C. § 3553(a)(1). Defendant's prior history reflects repeated instances of violation of probation. Therefore, the Court believes it is crucial to put measures in place that will assist defendant in maintaining his status as a law-abiding, productive member of the community.

4

Supervised release is not unduly burdensome. But, it is a very useful way to provide a defendant with structure and guidance, so as to ensure his continued success on the path to rehabilitation.

Therefore, I shall deny the Motion, without prejudice to defendant's right to renew it at a later time. An Order follows.

Date: June 4, 2024                                         /s/
                                                          Ellen L. Hollander
                                                          United States District Judge